UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE PEREZ,<br><br>    Petitioner,<br><br>v.<br><br>JENNIFER CORE,<br><br>    Respondent. | No. 2:23-cv-0642 CKD P<br><br><br><br>ORDER |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Both parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

I. Background

On April 28, 2021, petitioner was charged in Butte County with four offenses including battery by gassing. ECF No. 11-2 at 5. The charge for battery by gassing reads as follows:

> On or about April 7, 2021 . . . the crime of battery by gassing, in violation of penal code section 243.9(a), a felony, was committed by [petitioner], who being a person confined in a local detention facility, to wit: Butte County Jail, did intentionally place, throw, and cause to be placed and thrown upon the person of another, to wit: Deputy Alyssa Gramps, who was then and there a Correctional Deputy at the Butte County Jail, human excrement and other bodily fluids and a mixture containing human excrement and other bodily substances that resulted in actual contact with skin and membranes.

/////

The three battery charges arise from petitioner throwing human waste on three other inmates as part of the same incident as the basis for the battery by gassing charge. In the complaint, it is also alleged that petitioner is a "second striker" and, as such, would be subject to a doubling of her sentence of imprisonment. ECF No 11-2 at 5-7. It appears that petitioner was housed at the Butte County Jail on April 7, 2021, pursuant to sentencing proceedings occurring in Butte County case no. 16 CF 6270. It appears petitioner was being considered for "mental health diversion" as to the sentence she was serving in that action. ECF No. 16 at 5-6.

On June 16, 2021, petitioner pled guilty to battery by gassing. ECF 11-2 at 5 & 70. On June 30, 2021, pursuant to the terms of her plea agreement, she was sentenced to four years in prison to be served concurrently with an aggregate 13-year sentence imposed upon convictions in Butte County case no. 16 CF 6270 and Colusa County case no. #CR57771. ECF No. 11-1 at 22, 11-2 at 49, 62. Petitioner was not scheduled to serve any additional time in prison as a result of her plea and nothing in the record suggests that she has served any time solely for her battery by gassing conviction. ECF No. 11-1 at 12-13. As indicated by her counsel at change of plea proceedings, the only benefit to the prosecution for petitioner's guilty plea was that the conviction would appear on her "rap sheet." ECF No. 11-1 at 12.

Petitioner appealed to the California Court of Appeal raising the same claims raised herein and all claims were rejected on procedural grounds. ECF No. 11-5. Petitioner sought review by the California Supreme Court raising the same claims. ECF No. 11-6. The petition for review was denied. ECF No. 11-7.

II. Standards

A. Habeas Relief Sought by State Prisoner

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.2d 1146, 1149 (9th Cir. 2000).

/////

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

/////

The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Here, the only reasoned decision was issued by the California Court of Appeal. ECF No. 13-8 at 136-154.

### B. Guilty Pleas

The types of claims a prisoner may assert in a petition for a writ of habeas corpus to challenge a guilty plea are substantially more limited than the types of claims which may be brought after a trial. Any claims arising before entry of a guilty plea which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees effective assistance of counsel in criminal proceedings. To establish ineffective assistance of counsel, two elements must be met. First, it must show that, considering all circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To this end, a defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

/////

would have been different." Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

With respect to an attack on a guilty plea, the degree of prejudice which must be shown is a reasonable probability that, but for counsel's errors, movant would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

III. Claims and Analysis

As noted above, the claims asserted were rejected by the California Court of Appeal on California procedural grounds.  Here, the court addresses the merits of petitioner's claims as they are easily resolvable against petitioner.  See Lambrix v. Singletary, 520 U.S. 518, 524–25 (1997) (explaining that the court may bypass procedural default analysis in the interest of judicial economy).

A. Claims 1 and 2: "Pretrial Diversion," Competency, Ineffective Assistance of Counsel

Claims 1 and 2 in petitioner's habeas petition are related and intertwined, and petitioner repeats some allegations asserted in claim 1 in claim 2.  Therefore, the court addresses both claims under the same heading.

1. Pretrial Diversion

First, petitioner claims this action should be remanded to the Superior Court of Butte County for a determination as to whether she is entitled to "pretrial diversion" under California Penal Code § 1001.36.  Under California Penal Code § 1001.36(f)(1) "pretrial diversion" is defined as "the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment."

This portion of claim 1 is based upon an interpretation of California law as to whether petitioner is eligible for "pretrial diversion" and therefore is not a basis for relief in this action. Petitioner fails to point to anything suggesting she is entitled to "pretrial diversion" under federal law.

Petitioner also seems to take issue with the fact that she was not granted "pretrial diversion" instead of the sentence she received.  In this respect, petitioner would have to show

5

that her plea was either involuntary or unintelligent and the remedy would be that the court would vacate her plea and sentence. Petitioner suggests she was not competent to plead guilty but does not allege that mental health issues made it so she was unable to consult with her lawyer at change of plea proceedings or that she was unable to understand what was occurring at those proceedings. See Dusky v. U.S., 362 U.S. 402, 402 (1960 (per curiam) (The test for mental incompetency is whether a defendant has "sufficient present ability to consult with [defendant's] lawyer with a reasonable degree of rational understanding—and whether [defendant] has a rational as well as factual understanding of the proceedings against [defendant]."). A review of the transcripts of the change of plea proceedings and sentencing make clear that petitioner was able to consult with her attorney and that she understood what was happening. ECF No. 11-1. As to the latter, petitioner indicated affirmatively on the record that she was aware of what was transpiring. ECF No. 11-1 at 15-16. Petitioner has not shown that her mental state at the time she pled guilty rendered her plea either involuntary or unintelligent.

Petitioner also seemingly blames the fact that she was not sentenced to "pretrial diversion" on her trial counsel she alleges "refused to investigate." However, petitioner fails to identify any further investigation counsel should have undertaken with respect to applicability of "pretrial diversion," so an ineffective assistance of counsel claim fails.

### 2. Competency Hearing

Petitioner also claims she is entitled to a "competency hearing." To the extent this request is based upon her current mental state, petitioner fails to show her current mental state is relevant in establishing a violation of a federal right which can be redressed herein.

### 3. Ineffective Assistance of Counsel

Petitioner asserts that she wanted to go to trial because she felt the evidence was in her favor, but that her trial counsel did not do anything, including interviewing witnesses she identified, other than encourage her to plead guilty. There are two problems with this claim. First, petitioner fails to identify what further evidence counsel could have uncovered by interviewing the witnesses petitioner identified, which precludes any finding that, but for counsel's errors regarding investigation, petitioner would not have pled guilty and would have

insisted on going to trial. Second, any potential violations of rights that a defendant knows about before pleading guilty are generally waived by a plea of guilty. Petitioner's negative opinion of counsel's investigation and the state of the evidence had already formed by the time she pled guilty, and nothing suggests that any facts came to light after petitioner pled guilty which supported her assessment.

Petitioner also asserts that counsel did not investigate her defense that she threw feces and urine because her mental health was suffering from a difficult housing situation. With respect to this allegation, petitioner fails to point to anything suggesting this defense is one recognized under California law. Petitioner claims her defense is one of duress, however, petitioner does not claim her act of throwing human waste was the result of any threat.

Petitioner also claims that her guilty plea was coerced by trial counsel in a number of respects, including that counsel allegedly told her that "it was [petitioner's] word against theirs," and that petitioner could be "on the next bus back to prison" if she pled guilty.[1] Because petitioner fails to point to anything suggesting that either of counsel's statements were false, however, petitioner fails to show the statements were somehow coercive, rather than being simply factual.

Petitioner also claims that counsel threatened that she would not conduct any investigation unless petitioner pled guilty. Such a statement could not have reasonably had any coercive effect in terms of petitioner pleading guilty and receiving an agreed upon sentence in return for her plea as was the case here. It should have been clear to petitioner that once she pled guilty in return for an agreed upon sentence there would be no investigation. To the extent petitioner asserts she was coerced into pleading guilty by counsel's failure to investigate, petitioner again fails to point to any evidence indicating how counsel's investigation, or lack thereof, prejudiced her case.

Most importantly with respect to petitioner's claim that she was coerced by her trial counsel, petitioner indicated in open court when she pled guilty that no one threatened or forced her into pleading guilty. ECF No. 11-1 at 15. Petitioner completed and submitted a "Plea of

---

[1] The court infers that petitioner preferred to be housed in state prison rather than county jail.

Guilty or No Contest" form in which petitioner averred that the entry of her plea was free and voluntary and that she pled guilty because she was guilty. ECF No. 11-2 at 40. Petitioner does not point to anything indicating that her statement before the court and her answers on the "Plea of Guilty or No Contest" form were somehow coerced. On the record before the court, petitioner's self-serving assertions that she was coerced into pleading guilty are not sufficient as a matter of law to warrant habeas corpus relief. See e.g., Womack v. Del Papa, 497 F.3d 998, 1004 (9th Cir. 2007) (ineffective assistance of counsel claim denied where, aside from petitioner's self-serving statements, which were contrary to other evidence in the record, there was no evidence to support the claim).

B. Claim 3: "Wobbler" and Sentencing Factors

In claim 3, petitioner asserts counsel should have argued before she pled guilty that the charge for battery by gassing be converted to a misdemeanor as opposed to a felony. As petitioner pled guilty her argument is waived pursuant to Boykin and Tollett. Further, petitioner fails to point to anything demonstrating counsel would have had success in attempting to convert the charge to a misdemeanor.

Petitioner also claims the trial court failed to take into account certain factors at sentencing, such as petitioner's mental state. Petitioner's sentence of four years was a term of her plea agreement with the prosecution. E.g. ECF No. 2 at 48. Consideration of mitigating factors at sentencing was not a term of the plea agreement and petitioner fails to point to anything suggesting consideration of mitigating factors by the trial court was required under California law.

C. Ground 4: Sentence Credit

In ground four, petitioner claims that she was not given sentence credit for time served in custody prior to sentencing. As indicated above, however, petitioner was serving another sentence of imprisonment before and until she was sentenced and, therefore, was not entitled to any credit against her battery by gassing sentence pursuant to federal law. Petitioner also claims that certain promises were made to her regarding how much credit she would get. When she pled guilty, however, it was specifically explained to petitioner that her sentence would run concurrent

to sentences of imprisonment imposed in her other Butte County case and the Colusa County case and that because of this petitioner would not serve any time in jail or prison solely for the offense at issue in this action. ECF No. 11-1 at 12-13. Thus, whether or not petitioner was told how much sentence credit she would receive became immaterial because her conviction in this matter did not add time to or change the sentence she was already serving. As indicated by counsel at change of plea proceedings, the only benefit received by the prosecution for petitioner's guilty plea was that the conviction would appear on petitioner's "rap sheet." ECF No. 11-1 at 12.

D. Claim 5: Cumulative Effect

In ground five, petitioner claims the cumulative effect of all the violations of law alleged in her petition renders her plea of guilty involuntary and/or unintelligent, mandating that her plea be vacated. Because petitioner fails to identify any violations of federal law with respect to the trial court proceedings in this matter, however, she is not entitled to relief under her final claim.

IV. Evidentiary Hearing

Petitioner asks that the court hold an evidentiary hearing. Nothing before the court indicates that further factual development would result in petitioner obtaining habeas relief. The court has considered petitioner's insufficient and self-serving allegations and petitioner fails to identify any other evidence as to any material issue worthy of consideration. Accordingly, petitioner's request that the court hold an evidentiary hearing will be denied. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.")

V. Conclusion

For the foregoing reasons, petitioner's petition for a writ of habeas corpus will be denied, and this case be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an evidentiary hearing (ECF No. 15) is denied;

2. Petitioner's petition for a writ of habeas corpus (ECF No. 1) is denied;

3. This case be closed; and

/////

   4.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  June 6, 2024

                     _____
                      CAROLYN K. DELANEY
                      UNITED STATES MAGISTRATE JUDGE

pere0642.157